THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| NATHANIEL RODRIGUEZ | NO. 16-14 |

DuBois, J.                                                                                                           October 29, 2020

**M E M O R A N D U M**

### I.      INTRODUCTION

Presently before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed *pro se* by defendant Nathaniel Rodriguez. In his motion, defendant makes three arguments:

(1) he was improperly considered a career offender because his crime of conviction, kidnapping, was not a "crime of violence" under the U.S. Sentencing Guidelines ("Guidelines");

(2) he was improperly considered a career offender because his prior convictions for controlled substance offenses were not "controlled substance offenses" under the Guidelines; and

(3) his counsel rendered constitutionally ineffective assistance because she failed to challenge his designation as a career offender.

For the reasons that follow, defendant's § 2255 Motion is denied without an evidentiary hearing.

### II.     BACKGROUND

#### A. Proceedings Before the Court

Defendant's sentence and conviction arise from two instances of kidnapping. On November 6, 2015, defendant forced a woman to withdraw $300 with her ATM card, while he claimed to be holding a gun. Doc. No. 25 at 2. On November 11, 2015, he forced a different

woman to attempt to withdraw money with her ATM card while he again claimed to be holding a gun. *Id.* at 3.

On July 5, 2016, defendant pled guilty to two counts of kidnapping in violation of the Federal Kidnapping Act, 18 U.S.C. § 1201 ("federal kidnapping"). Before defendant's sentencing hearing, the United States Probation Office prepared a pre-sentence report ("PSR"), which recommended a sentencing guideline range of 262-327 months. PSR ¶ 103. That guideline sentencing range was based, *inter alia*, on designation of defendant as a "career offender." Had defendant not been designated a career offender, the guideline sentencing range would have been 188-235 months.

Defendant was sentenced on March 21, 2017. At the beginning of the sentencing, after defendant stated on the record that he read and understood the PSR, and discussed it with counsel, defense counsel told the Court she had no objections to the PSR—she did not object to the career offender designation. *Id*. at 3:10–6:14. At sentencing, the Court determined that defendant was a career offender and set the guideline sentencing range at 262-327 months. *Id*. at 12:25–13:13. The Court then granted defendant's motion for a downward variance and sentenced defendant to, *inter alia*, 228 months incarceration. *Id*. at 33:6–19.

The Guidelines define a career offender as a defendant who, *inter alia*, (1) is being sentenced for a felony that is "either a crime of violence or a controlled substance offense," and (2) has at least two prior felony convictions "of either a crime of violence or a controlled substance offense." *See* U.S.S.G. § 4B1.1(a).

Defendant's designation as a career offender was based on the Court's conclusion that (1) kidnapping was a "crime of violence," and (2) his four prior felony convictions for "manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled

substance"—in violation of § 780-113(a)(30) of the Pennsylvania Controlled Substance, Drug, Device, and Cosmetic Act (the "Pennsylvania Controlled Substance Act")—were "controlled substance offenses."  3/21/17 Hr'g Tr. at 11:24–13:3.

### B. Defendant's Direct Appeal

Following his sentencing, defendant appealed to the United States Court of Appeals for the Third Circuit, where he argued that, for two reasons, this Court improperly considered him a career offender.  *United States v. Rodriguez*, 747 F. App'x 93, 94 (3d Cir. 2018).  First, he argued that his crimes of conviction were not "crime[s] of violence" under the Guidelines.  *Id.* at 95.  Second, he argued that his prior convictions for violation of the Pennsylvania Controlled Substance Act were not "controlled substance offenses" under the Guidelines.  *Id.*  On August 14, 2018, the Third Circuit rejected defendant's arguments and affirmed his sentence.  The Third Circuit reasoned that defendant's arguments were "not sufficiently clear or obvious to demonstrate that the District Court plainly erred by sentencing him as a career offender."  *Id.* at 98.

### C. Defendant's § 2255 Motion

On October 17, 2019, defendant filed the pending § 2255 Motion.  The Government filed its response on January 29, 2020, and defendant filed a reply on February 21, 2020.  Defendant's motion is thus ripe for decision.

### III.   LEGAL STANDARD

Under § 2255, a federal prisoner may move to vacate, set aside, or correct his federal sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court lacked "jurisdiction to impose" the sentence; (3) the sentence exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack."  28

U.S.C. § 2255(a).[1]  Section 2255 does not reach "every asserted error of law."  *Davis v. United States*, 417 U.S. 333, 346 (1974).

Section 2255 covers claims of ineffective assistance of counsel in violation of the Sixth Amendment.  The standard for ineffective assistance of counsel claims is set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a defendant must first establish that his counsel made errors so serious such that counsel's representation fell "below an objective standard of reasonableness . . . under prevailing professional norms."  *Id.* at 688.  If a defendant establishes that his counsel's representation fell below an objective standard of reasonableness, he must then show that counsel's deficient performance resulted in prejudice.  This requires proof that counsel's performance was so deficient "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

## IV.   DISCUSSION

In his § 2255 Motion, defendant makes the same two arguments that he raised before the Third Circuit in an attempt to establish that he should not have been designated as a career offender.  He also now argues that his counsel rendered constitutionally ineffective assistance because she failed to challenge his designation as a career offender.  For the reasons that follow, the Court denies defendant's § 2255 Motion.

### A. Definition of a Career Offender

The Guidelines define a career offender as follows:

(1) The defendant is at least eighteen years old at the time the defendant committed the instant offense of conviction;

---

[1]   Defendant does not argue that the Court lacked jurisdiction to impose his sentence.  He also does not argue that his sentence exceeds the maximum authorized by law—nor could he, given that the federal kidnapping statute permits a maximum of life imprisonment.  *See* Federal Kidnapping Act, 18 U.S.C. § 1201.

> (2) The instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) The defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

See U.S.S.G. § 4B1.1(a).

As discussed *supra*, defendant's designation as a career offender was based on the Court's conclusion that (1) the offense of conviction, kidnapping, was a "crime of violence," and (2) defendant's four prior convictions for violation of § 780-113(a)(30) of the Pennsylvania Controlled Substance Act were "controlled substance offenses."[2]  The Court discusses the reasons for this conclusion at greater length in §§ IV.C.1. and IV.C.2. of this Memorandum.

### B.  The Court Need Not Consider Defendant's Non-Constitutional Arguments

It is well settled that § 2255 does not cover all non-constitutional claims.  In *Hill v. United States*, 368 U.S. 424 (1962), the Supreme Court held that § 2255 may only remedy a non-constitutional defect—such as a flawed sentence—in two circumstances: (1) if the error resulted in "an omission inconsistent with the rudimentary demands of fair procedure"; or (2) if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 428.  The *Hill* Court identified examples of circumstances that would cross these lines, e.g., where: (1) the punishment was "in excess of that prescribed by the relevant statutes"; (2) "multiple terms" of incarceration were "imposed for the same offense"; or (3) "the terms of the sentence itself [were] legally or constitutionally invalid in any other respect." *Id.* at 430.

This case is unlike the examples in *Hill*.  Defendant's 228-month sentence does not include multiple terms for the same offense.  Moreover, besides being well below the statutory

---

[2]  In this case, there is no dispute that defendant was at least eighteen years old at the time of the instant offense.

maximum of life imprisonment, his sentence is 34 months below the bottom of the Guidelines range.

Significantly, the Third Circuit recently ruled on this issue and held that "an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255." *United States v. Folk*, 954 F.3d 597, 604 (3d Cir. 2020). The Court reasoned that, if such claims were cognizable, there would be no "manageable limit" to the scope of § 2255:

> There is no manageable limit to the types of sentencing errors that would be cognizable under § 2255 if an incorrect career-offender enhancement were found to be cognizable. . . . The breadth of such a rule would make the limited relief offered by § 2255 a boundless opportunity for criminal defendants to re-challenge their sentences.

*Id.* at 604, 606–07 ("Nearly every other circuit court of appeals has held or suggested that such a claim is not cognizable"). Accordingly, given the controlling precedent from the Third Circuit, this Court rejects defendant's argument that he was misclassified as a career offender because it is not cognizable under § 2255. Furthermore, as the Court explains below—even if it was cognizable—defendant's argument is meritless.

### C.  Defendant's Counsel Did Not Render Ineffective Assistance

"There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Defendant's argument that he was misclassified as a career offender is completely without merit because (1) federal kidnapping is a "crime of violence" under the Guidelines, and (2) § 780-113(a)(30) of the Pennsylvania Controlled Substance Act is a "controlled substance offense" under the Guidelines. Because defendant's argument lacks merit, defendant's counsel was not ineffective by failing to raise it.

6

*1. Federal Kidnapping Is a "Crime of Violence" Under the Guidelines*

The Guidelines define a "crime of violence" in two separate clauses: an "enumerated offense" clause and an "elements" clause. Under the "enumerated offense" clause, an offense is a "crime of violence" if it: "is murder, voluntary manslaughter, **kidnapping**, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm or explosive material." U.S.S.G. § 4B1.2(a) (emphasis added) (internal citations omitted). Under the "elements" clause, an offense is a "crime of violence" if it: "has an element the use, attempted use, or threatened use of physical force against the person of another."[3] *Id.* An offense is a "crime of violence" if it satisfies the criteria for either clause.

The Court examines the definition of "crime of violence" under the "enumerated offense" clause, U.S.S.G. § 4B1.2(a)(2), but notes at the outset that it declines to reach the bizarre conclusion proffered by defendant: that federal kidnapping is not "kidnapping" within the meaning of the Guidelines.[4]

To determine whether the offense of conviction—kidnapping in violation of the Federal Kidnapping Act, 18 U.S.C. § 1201—is a "crime of violence" under the "enumerated offense" clause, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of . . . the offense as commonly understood," i.e., the "generic" form of the crime. *United States v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014). The offense of conviction satisfies the "enumerated offense" clause if it is "the same as, or narrower than" the "generic" form of the crime. *Id.* Defendant argues that "[t]he Federal kidnapping statute . . . is

---

[3] Both clauses also require that the offense at issue be "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(a). Federal kidnapping, which is punishable by life imprisonment, satisfies this requirement. Federal Kidnapping Act, 18 U.S.C. § 1201.

[4] Because the Court rejects defendant's conclusion that federal kidnapping is not "kidnapping" under the "enumerated offense" clause, it need not decide whether federal kidnapping is a "crime of violence" under the "elements" clause.

7

substantially broader than generic kidnapping." Def.'s Reply at 10. The Court disagrees and concludes that federal kidnapping is a "crime of violence" under the "enumerated offense" clause.

First, the Court rejects the notion that the Sentencing Commission, when declaring that "kidnapping" is a "crime of violence," meant to exclude the single federal statute applicable to kidnapping. As the Third Circuit recently stated on the direct appeal in this case, "[t]he conclusion that the federal kidnapping statute does not describe a kidnapping offense is counterintuitive." *Rodriguez*, 747 F. App'x at 96.

Second, defendant has offered no more than speculation that federal kidnapping may sweep more broadly than the generic definition of "kidnapping." The comparison of a statute to an offense's "generic" definition "is not an invitation to apply 'legal imagination' to the [statutory] offense"—the defendant is required to show "a realistic probability, not a theoretical possibility," that the statute would apply to conduct that falls outside the generic definition. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013). To show that realistic probability, the defendant "must at least point to his own case or other cases" in which "courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). The defendant in this case has failed to do so.

Although defendant argues that federal kidnapping requires only "unlawful restraint of the victim"—and not an "additional element of intent or severity," which he claims is required for generic kidnapping—he cites no cases supporting his argument. Def.'s Reply at 12. Indeed, defendant's argument is at odds with the statutory language and Supreme Court precedent, both of which state that federal kidnapping requires more than just "unlawful restraint of the victim." Federal Kidnapping Act, 18 U.S.C. § 1201 (requiring the defendant to hold the victim "for

ransom or reward or otherwise"); *Gooch v. United States*, 297 U.S. 124, 128 (1936) (the statute is intended to apply when "the captor might secure some benefit to himself.").

### 2. § 780-113(a)(30) of the Pennsylvania Controlled Substance Act Is a "Controlled Substance Offense" Under the Guidelines

The Government argues that defendant is foreclosed by recent Third Circuit precedent from arguing that his prior convictions under the Pennsylvania Controlled Substance Act were not "controlled substance offenses" under the Guidelines. The Court agrees with the Government on this issue.

In *United States v. Glass*, the Third Circuit held that § 780-113(a)(30) of the Pennsylvania Controlled Substance Act—the precise offense previously committed by defendant—"is a 'controlled substance offense' and may serve as a predicate offense to a career-offender enhancement under [the Guidelines]." 904 F.3d 319, 324 (3d Cir. 2018).

Defendant does not attempt to distinguish this binding precedent, nor can he. The Court thus concludes that § 780-113(a)(30) of the Pennsylvania Controlled Substance Act is a "controlled substance offense" under the Guidelines.

### 3. The Court Rejects Defendant's New Arguments

Defendant raises new factual allegations to support his ineffectiveness claim, for first time, in his reply to the Government's response to his § 2255 Motion. In the reply, defendant argues for the first time that (1) he "wanted to take the stand [at his sentencing hearing] and [his attorney] decline[d] [his] right to do so"; (2) his counsel did not review the PSR with him; and (3) his counsel did not "take[] the time to investigate" his case. Def.'s Reply at 5, 8. The Court rejects these arguments.

First, the "moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief." *D'Alessandro v. Bugler Tobacco Co.*,

No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007). "The reason for not considering new bases for relief raised for the first time in a reply brief is self evident . . . the opponent has no opportunity to address the new defense." *Id.*

Second, assuming *arguendo* these new allegations were properly raised, defendant still has not satisfied the prejudice prong of *Strickland*. Even if defendant testified, reviewed the PSR with his counsel, and his counsel investigated his case more rigorously, his argument that he was misclassified as a career offender would still be completely without merit—and, therefore, the result of the proceeding would be the same.

### D. The Court Denies Defendant's Request for an Evidentiary Hearing

In his § 2255 Motion, defendant requested an evidentiary hearing. Under § 2255, "the question of whether to order a hearing is committed to the sound discretion of the district court." *Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir. 1989). In exercising this discretion, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Id.*

The Court's disposition of the § 2255 Motion is not dependent on the resolution of any disputed factual issues. The record conclusively establishes that defendant is not entitled to relief. Thus, the Court denies defendant's request for an evidentiary hearing.

### V.    CONCLUSION / CERTIFICATE OF APPEALABILITY

For the foregoing reasons, the Court denies defendant's motion under 28 U.S.C. § 2255. Defendant's request for an evidentiary hearing is likewise denied.

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing of the denial of a constitutional right, "the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court concludes that defendant has not made such a showing with respect to his § 2255 Motion.  Thus, a certificate of appealability shall not issue.

    An appropriate order follows.